In re Steinberg

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of March, two thousand nineteen.

PRESENT:  AMALYA L. KEARSE,
          DENNIS JACOBS,
          PETER W. HALL,
               <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - -X
IN RE SAMUEL STEINBERG,
          <u>Debtor</u>.


DAVID JAROSLAWICZ, DAVID WALKER, HOWARD FREUND, NEIL HERSKOWITZ, PHIL LIFSCHITZ, ABRAHAM ELIAS,
          <u>Creditors-Appellants</u>,

          **-v.-**                                                      18-865

SAMUEL STEINBERG,
          <u>Debtor-Appellee</u>.
- - - - - - - - - - - - - - - - - - - - -X

**FOR CREDITORS-APPELLANTS:**     PAUL ALEX RUBIN, Rubin LLC, New York, NY.

**FOR DEBTOR-APPELLEE:**     DANIEL G. LYONS, Westerman Ball Ederer Miller Zucker & Sharfstein, LLP, Uniondale, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Schofield, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellants appeal an order of the United States District Court for the Southern District of New York (Schofield, J.) affirming the order of the United States Bankruptcy Court for the Southern District of New York (Glenn, Bankr. J.) dismissing their objection to the discharge of Appellee Samuel Steinberg's debt. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Steinberg was the "man on the ground" for the parties' unsuccessful Romanian real estate venture. Appellants' Br. at 4. Although he kept records of transactions relating to the venture, Steinberg gave those records to the judicial administrator of the venture's insolvency proceedings in Romania. He did not make copies. Appellants then commenced adversary proceedings in Steinberg's Chapter 7 bankruptcy case, arguing that Steinberg's debts should not be discharged because he "failed to keep or preserve" sufficient records "from which [his] financial condition or business transactions might be ascertained," and that his failure was not justified. 11 U.S.C. § 727(a)(3). The bankruptcy court disagreed, concluding that Steinberg did produce sufficient records and that, in any event, any failure was justified. On appeal, the district court affirmed the bankruptcy court's determination that Steinberg produced sufficient records.

2

Bankruptcy court decisions are subject to appellate review in the first instance by district courts. The court of appeals then applies "the same standard of review employed by the district court to the decision of the bankruptcy court. Accordingly, we review the bankruptcy court's findings of fact for clear error and its legal determinations de novo." In re Anderson, 884 F.3d 382, 387 (2d Cir.), cert. denied sub nom. Credit One Bank, N.A. v. Anderson, 139 S. Ct. 144 (2018).

For Section 727(a)(3) claims, the creditor bears the initial burden of showing that the debtor failed to keep and preserve books or records sufficient to ascertain the debtor's financial condition or business transactions. In re Cacioli, 463 F.3d 229, 235 (2d Cir. 2006). The burden then shifts to the debtor to show that the failure was justified. Id. Section 727 "impos[es] an extreme penalty for wrongdoing, [and thus] must be construed strictly against those who object to the debtor's discharge and liberally in favor of the bankrupt." Id. at 234 (internal quotation marks omitted).

Although he was no longer in possession of the accounting files for the venture's investment vehicles, Steinberg nonetheless produced 1,494 pages of business records and 4,112 pages of emails prior to the bankruptcy court's four-day trial—a "very substantial volume of probative evidence." S. App'x at 33. This included eight years of joint tax returns, bank account statements, and credit card statements, id., as well as bank account statements from 2006 to 2011 for each of the limited liability companies involved in the venture, id. at 34. Steinberg also prepared a chart summarizing bank records and land contracts produced in discovery and describing the venture's transactions, itemizing the costs of each purchase, and describing the source of funding for each purchase. Id. at 35. Finally, the bankruptcy court credited Steinberg's testimony explaining why the records produced were sufficient, see id. at 32–33, but not Appellants' testimony, see id. at 33 ("Jaroslawicz demonstrated substantial credibility issues.").

3

Appellants' generalized and conclusory allegations are insufficient to carry their burden. Although some of the venture's transactions were made in cash, Steinberg testified that the summary chart lists "*all* transactions . . . with regard to *all* the assets that were purchased" as part of the venture. App'x at 491 (emphasis added). In any event, Appellants have not proven that the cash transactions—which Steinberg testified amount to less than five percent of the venture's business, see id. at 311—were material to assessing the venture's financial condition. And Appellants' complaint that the summary chart only accounts for the venture's "major transactions" is not supported by any evidence or allegation of transactions not included in the chart.

We have considered the Appellants' remaining arguments and find them to be without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4